IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CAMELA JACKSON,

        Plaintiff,

v.                                               CIVIL ACTION NO.  3:21-0570

HUNTINGTON POLICE
PENSION BOARD and
CHRISTOPHER JACKSON,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Camela Jackson's Motions for Default Judgment (ECF Nos. 7 & 9) and a Motion to Set Aside Entry of Default by Defendant Huntington Police Pension Board (the Pension Board). ECF No. 17. For the following reasons, the Court **DENIES** Plaintiff's motions and **GRANTS** the Pension Board's motion.

On October 20, 2021, Plaintiff filed a Complaint for Injunction against the Pension Board, generally alleging that it was failing to give full faith and credit to a Qualified Domestic Relations Order (QDRO) that gave her a right to a portion of Christopher Jackson's police pension. In her Complaint, Plaintiff requested the Court enjoin the Pension Board and direct that it pay her pursuant to the terms of the QDRO. The Pension Board was served a copy of the Complaint on December 3, 2021, and its Answer was due on December 24, 2021.

As no Answer or responsive pleading was filed by the deadline, the Court entered an Order on January 20, 2022, directing the Clerk to enter default against the Pension Board and giving Plaintiff twenty days to take those steps necessary to facilitate entry of default judgment. Plaintiff timely filed her motions,[1] and the Court scheduled a hearing on the motions on February 23, 2022.

Shortly thereafter, counsel for the Pension Board filed a Notice of Appearance and filed a Response to Plaintiff's motions. In its Response, the Pension Board stated that Mr. Jackson had appealed how the Pension Board previously was dispersing benefits under the QDRO. Upon review, the Pension Board agreed with Mr. Jackson, which resulted in the change of payments to Plaintiff. As any decision by this Court on Plaintiff's claim that she is entitled to a larger percentage of the pension benefits will directly impact Mr. Jackson's share of the proceeds, the Pension Board also argued in its Response that Mr. Jackson is an indispensable party and must be joined under Rule 19 of the Federal Rules of Civil Procedure.

At the hearing, the Court heard arguments from Plaintiff and the Pension Board. At the conclusion of the hearing, the Court directed Plaintiff to either join Mr. Jackson or explain how the case can proceed without him as a party. In addition, the Court directed the Pension Board to file a motion to lift the default.[2] On March 9, 2022, the Pension Board filed its motion. Plaintiff

---

[1] The motions filed on January 24 and 28, 2022, are identical.

[2] Plaintiff also made an oral motion for attorney's fees and costs at the hearing. The Court indicated it was inclined to grant the motion and directed the parties to negotiate payment. The Pension Board represents the parties resolved the payment.

did not file respond to the motion, but she did file an Amended Complaint adding Mr. Jackson as a defendant.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court shall exercise its sound discretion and may set aside entry of default for "good cause shown." Fed.R.Civ.P. 55(c); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (stating a Rule 55(c) decision "is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court" (internal quotation marks and citation omitted)). In deciding whether entry of default should be lifted, this Court recognizes that defaults are generally disfavored and Rule 55(c) motions should be "liberally construed in order to provide relief from the onerous consequences of defaults[.]" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010) (internal quotation marks and citation omitted). Merit-based adjudications are strongly preferred, and the Fourth Circuit has instructed that:

> a district court should consider [1] whether the party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne*, 439 F.3d at 204–05 (citations omitted). In applying these criteria to the present case, the Court finds that the default against the Pension Board should be lifted.

First, the Pension Board asserts it has a meritorious defense to the action because Plaintiff's payments were altered in accordance with the QDRO and West Virginia law governing

-3-

the pension fund.[3] Second, although the Pension Board admits it did not initially act promptly, it asserts it was unaware that the Pension Secretary, who received service on behalf of the Pension Board, failed to timely handle the matter. Once the Pension Board realized a problem existed, it immediately replaced the Pension Secretary with another individual who quickly gave counsel the authority to respond to the action. Third, the Pension Board asserts it is a public entity with no history of dilatory actions, and it has satisfied a less drastic sanction by paying Plaintiff's counsel related fees and costs. Lastly, the Pension Board argues that a default judgment against it will negatively impact Mr. Jackson, while resulting in no significant prejudice to Plaintiff.

Upon consideration of these arguments, the Court finds lifting the default weighs in favor of the Pension Board. Accordingly, the Court **GRANTS** the Motion to Set Aside Entry of Default by the Pension Board (ECF No. 17) and **DENIES** Plaintiffs' Motions for Default Judgment. ECF Nos. 7 & 9.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     April 20, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]At this point in the proceedings, the Court makes no ruling on the merits of this argument.