IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CAMELA JACKSON,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:21-0570

HUNTINGTON POLICE
PENSION BOARD and
CHRISTOPHER JACKSON,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Motions to Dismiss and Motions for Summary Judgment by Defendant Christopher Jackson and Defendant Huntington Police Pension Board (ECF Nos. 29, 31, 41, & 44) and a cross Motion for Summary Judgment by Plaintiff Camela Jackson. ECF No. 36. For the following reasons, the Court **GRANTS** the Motions to Dismiss and **DENIES AS MOOT** both Defendants' and Plaintiff's Motions for Summary Judgment.

This case involves a dispute regarding the application of a Qualified Domestic Relations Order (QDRO) to certain pension benefits earned by Defendant Christopher Jackson and disbursed by Defendant Huntington Police Pension Board (the Board). Initially, Plaintiff brought this action seeking injunctive relief against the Board and asked the Court to order the Board to make payments to her in the amount she believed she was entitled to receive. After hearing arguments by Plaintiff and the Board, the Court directed Plaintiff to either join Mr. Jackson as a defendant in this matter or explain how the case can proceed without him being a party. *Order*

(Feb. 23, 2022), ECF No. 16. Thereafter, Plaintiff moved to join Mr. Jackson as an indispensable party and to amend her Complaint. ECF Nos. 18, 20. The Court granted both motions. ECF Nos. 19, 21.

In their Motions to Dismiss, both Mr. Jackson and the Board argue that this Court lacks diversity jurisdiction because Plaintiff's claim does not exceed the sum or value of $75,000. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. A motion to dismiss for lack of subject matter jurisdiction raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it and requires dismissal if the court lacks such jurisdiction. Under 28 U.S.C. § 1332(a), federal diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000.

Although the parties disagree as to whether the jurisdictional dollar amount is met, it is unnecessary for the Court to address that issue. Here, Plaintiff has alleged in her Complaint that both she and Defendant Jackson are residents of Boyd County, Kentucky. *Compl.* at ¶¶1, 3. In an action based on diversity jurisdiction, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted). Therefore, this Court lacks subject matter jurisdiction over this matter and must dismiss.[1]

---

[1] In paragraph 6 of the Complaint, Plaintiff also alleges that the Board's decision to cease her payments violated the Full Faith and Credit Clause of the United States Constitution. Although the parties do not directly argue federal question jurisdiction, the Court recognizes that the Full

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 29, 31), **DENIES** Defendants' and Plaintiff's Motions for Summary Judgment (ECF Nos. 36, 41, 44), and **DISMISSES** this action from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 22, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

Faith and Credit Clause cannot invoke federal question jurisdiction. *See Thompson v. Thompson*, 484 U.S. 174, 182-83 (1988) ("the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action") (citing *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 72 (1904) (The Full Faith and Credit Clause "only prescribes a rule by which courts, Federal and state, are to be guided . . . the clause has nothing to do with the conduct of individuals or corporations; and to invoke the rule which it prescribes does not make a case arising under the Constitution or laws of the United States.")).